[Cite as *State v. Williams*, 2016-Ohio-5356.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2015-CA-113 |
| | : | |
| v. | : | Trial Court Case No. 15-CRB-2855 |
| | : | |
| JOHN M. WILLIAMS | : | (Criminal Appeal from Clark County |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of August, 2016.

. . . . . . . . . . .

T. JOANN HUENKE, Atty. Reg. No. 0073600, Clark County Prosecutor's Office, 50 East Columbia Street, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

STACEY PAVLATOS, Atty. Reg. No. 0012392, 700 East High Street, Springfield, Ohio 45505
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} John M. Williams appeals from his conviction and sentence following a bench trial on one count of first-degree-misdemeanor domestic violence.

{¶ 2} In two related assignments of error, Mr. Williams challenges the legal

sufficiency and manifest weight of the evidence to support his conviction.

{¶ 3} The present appeal stems from an incident that occurred when 77-year-old Mr. Williams came home on August 3, 2015 and found his front door locked. Earlier in the day, he and his 72-year-old wife, Ladonna Williams, had engaged in an argument outside a bank about obtaining a divorce or a dissolution. After the argument, Mrs. Williams returned to the couple's house alone and packed a week's worth of Mr. Williams' clothes and personal items in a duffel bag and a small grocery bag. She also locked the front door and placed a tape recorder near it while awaiting her husband's return.

{¶ 4} When Mr. Williams came home around 9:30 p.m., he knocked on the front door while starting to open it with a key. Upon hearing her husband, Mrs. Williams turned on the tape recorder and opened the door part way. She testified at trial that she pitched the small grocery bag toward Mr. Williams, who was standing outside the door. She then picked up the duffel bag and moved toward him with it, intending to give it to him. Mrs. Williams testified that Mr. Williams "shove[d] her" as she was handing him the bag. (Tr. at 24). More precisely, he put his hand on the duffel bag and pushed it back against her, knocking her down. (*Id.* at 24, 59, 63-65). She stated that "[t]he force of being shoved knocked [her] completely around." (*Id.* at 24). She fell and her face hit the floor. (*Id.*). Her arm also hit a ceramic rabbit. (*Id.* at 24, 35). She suffered a cut, an abrasion, and some bruising as a result of the fall. (*Id.* at 12-14, 34-40). On cross examination, Mrs. Williams acknowledged having testified at a protection-order hearing that "we had a little shoving match and he went and as I hand the satchel there, he he [sic] shoved it against me which knocks knocked [sic] me against the back door the door [sic] * * *." (*Id.* at 59).

{¶ 5} The State also introduced an audio recording of conversation Mrs. Williams

had captured on the tape recorder she had placed near the front door. On the recording, Mr. and Mrs. Williams can be heard talking immediately after the incident. Mrs. Williams stated that her husband had knocked her down. (*Id.* at 26). Mr. Williams directed a stream of profanity at his wife and stated that he had "pushed her down (inaudible) the door." (*Id.* at 26-27). Mrs. Williams then told someone on the telephone: "He comes in and he shoves me." (*Id.* at 28). Mr. Williams can be heard telling Mrs. Williams that "the door pushed [her] down." (*Id.*). He also explained to the unidentified person on the telephone: "She locked me out and I pushed her." (*Id.*).

**{¶ 6}** For his part, Mr. Williams testified at trial that he pushed the door to enter the house and that his wife was pushing the door back against him when she stumbled over the cement rabbit and fell, resulting in her injuries. (*Id.* at 96). He stated that he did not anticipate the door hitting Mrs. Williams or her falling when he pushed it. (*Id.* at 96-97).

**{¶ 7}** Based on the evidence presented, the trial court found Mr. Williams guilty of domestic violence in violation of R.C. 2919.25(A). It imposed a $250 fine plus court costs. The sentence was suspended pending appeal.

**{¶ 8}** As set forth above, Mr. Williams' assignments of error challenge the legal sufficiency and manifest weight of the evidence to sustain his conviction under R.C. 2919.25(A), which provides: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." The term "knowingly" is defined in R.C. 2901.22(B) as follows: "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature."

**{¶ 9}** Mr. Williams argues that the evidence does not support a finding that he

"knowingly" caused Mrs. Williams physical harm. He reasons that physical harm to his wife was not a probable result of him "pushing away" the duffel bag. (Appellant's brief at 12). He asserts that he simply responded to her aggressive behavior "by parrying the duffel bag away as she thrust it at him[.]" (*Id.* at 13). Mr. Williams insists that no "shoving match" occurred and that he did not strike his wife with the door. (*Id.*) But regardless of how or why she fell, Mr. Williams contends the State presented no evidence that he knew his actions more likely than not would result in physical harm to her. (*Id.* at 14).

{¶ 10} When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d Dist.2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 11} Our analysis is different when reviewing a manifest-weight argument. When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v.*

*Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 12} With the foregoing standards in mind, we conclude that Mr. Williams' domestic-violence conviction is supported by legally sufficient evidence and is not against the manifest weight of the evidence. The only disputed issue is whether he *knowingly* caused his wife's physical harm, i.e., whether he was aware that his conduct probably would cause the result that occurred.

{¶ 13} Although the evidence varied in some details, it supports a finding that Mr. Williams shoved or pushed a door and/or a duffel bag into Mrs. Williams with sufficient force to knock her "completely around" and to the ground. The audio recording discussed above reflects that Mr. Williams was irate at the time. He also told someone on the recording: "She locked me out and I pushed her." Viewing the evidence in a light most favorable to the State, the trial court reasonably could have found that Mr. Williams knowingly caused physical harm to his wife. Therefore, his conviction is supported by legally sufficient evidence. The conviction also is not against the manifest weight of the evidence because the trial court did not clearly lose its way and create a manifest miscarriage of justice. The evidence does not weigh heavily against the conviction.

{¶ 14} Mr. Williams' two assignments of error are overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . .

DONOVAN, P.J., and WELBAUM, J., concur.


Copies mailed to:

T. Joann Heunke
Stacey Pavlatos
Hon. Thomas E. Trempe